In re Andrew L. STONE and M. Jeanne Stone, Petitioners.

No. 77-1967.

United States Court of Appeals, District of Columbia Circuit.

Jan. 18, 1978.

M. Carr Ferguson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., was on the motion for respondent.

Edward F. Canfield and Joseph E. Casey, Washington, D. C., were on the opposition to the motion for petitioners.

Michael J. Roach, Atty., Dept. of Justice, Washington, D. C., entered an appearance for respondent.

Before McGOWAN, LEVENTHAL and ROBINSON, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Andrew L. Stone and M. Jeanne Stone, petitioners in a case pending before the United States Tax Court, have petitioned this court for a writ of mandamus directing the Tax Court to impose sanctions against the Internal Revenue Service (IRS) on account of alleged misconduct by IRS attorneys. The IRS has moved to dismiss the petition for mandamus, on the ground that jurisdiction lies only in the Court of Appeals for the Eighth Circuit, and not in this court. We agree with the IRS position, and grant the motion to dismiss.

We are unable to locate any reported case addressing the question of the proper forum in which an extraordinary writ may be sought against the Tax Court. We there-

fore begin our consideration with 26 U.S.C. § 7482(b), which specifies venue for appeals from final judgments of the Tax Court. It reads in full as follows:

(b) Venue.—

(1) In general.—Except as otherwise provided in paragraph (2), such decisions may be reviewed by the United States court of appeals for the circuit in which is located—

(A) in the case of a petitioner seeking redetermination of tax liability other than a corporation, the legal residence of the petitioner,

(B) in the case of a corporation seeking redetermination of tax liability, the principal place of business or principal office or agency of the corporation, or, if it has no principal place of business or principal office or agency in any judicial circuit, then the office to which was made the return of the tax in respect of which the liability arises,

(C) in the case of a person seeking a declaratory decision under section 7476, the principal place of business, or principal office or agency of the employer,

(D) in the case of a person seeking a declaratory judgment under section 7477, the legal residence of such person if such person is not a corporation, or the principal place of business or principal office or agency of such person if such person is a corporation, or

(E) in the case of an organization seeking a declaratory decision under section 7428, the principal office or agency of the organization.

If for any person no subparagraph of the preceding sentence applies, then such decisions may be reviewed by the Court of Appeals for the District of Columbia. For purposes of this paragraph, the legal residence, principal place of business, or principal office or agency referred to herein shall be determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court or as of the time the petition seeking a declaratory decision under section 7428, 7476, or 7477 was filed with the Tax Court.

(2) By agreement.—Notwithstanding the provisions of paragraph (1), such decisions may be reviewed by any United States Court of Appeals which may be designated by the Secretary and the taxpayer by stipulation in writing.

The Stones (hereafter "taxpayers") petitioned the Tax Court seeking redetermination of tax liability, so subsection (1)(A) applies. Taxpayers stipulated that their legal residence at the time they filed their petition in the Tax Court was in St. Louis, Missouri, within the Eighth Circuit. No agreement on a different venue under subsection (2) has been entered. Unless such a stipulation is entered in the future, appeal from the final judgment in this case will lie to the Eighth Circuit and not this court.

The All Writs Act, 28 U.S.C. § 1651(a), gives the federal courts power to issue writs, including mandamus, "in aid of their respective jurisdictions." We have no appellate jurisdiction over the instant case, past, present, or future, which mandamus could "aid." Therefore we lack jurisdiction to issue the writ. *United States v. United States District Court (Alcoa)*, 334 U.S. 258, 263–64, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185 (1943).

The taxpayers present several arguments in support of our mandamus jurisdiction, despite their implicit concession that appeal from the final judgment in this case will lie only to the Eighth Circuit.

Subsection (1)(A) places venue in the Eighth Circuit only "in the case of a petitioner seeking redetermination of tax liability." They argue that this petition for mandamus does not seek redetermination of tax liability, therefore it comes within the sentence at the end of subsection (1): "If for any reason no subparagraph of the preceding sentence applies, then such decisions may be reviewed by the Court of Appeals for the District of Columbia." This interpretation would send all interlocutory review proceedings concerning the Tax Court to us. No court has ever so held. This reading of § 7482(b)(1) could not be harmo-

nized with the All Writs Act, because it would give our court the power to issue writs in cases in which we have no appellate jurisdiction over the final judgment.

Furthermore, it is not entirely accurate to say that this petition for mandamus does not seek redetermination of tax liability. One of the alternative remedies the taxpayers seek is a writ directing the Tax Court to grant their motion for summary judgment. Granting that motion would produce a final judgment, a redetermination of tax liability, appealable only to the Eighth Circuit.

■ Taxpayers' second argument is that the provision laying venue at the taxpayers' residence was enacted to protect taxpayers from IRS appeals to inconvenient fora. The IRS, they argue, should not be allowed to take advantage of a statute intended to benefit taxpayers in order to defeat the taxpayers' choice of forum. This argument would rewrite § 7482(b) to place venue (at least for appeals and petitions by taxpayers) in the circuit of the taxpayer's choice. This is not what the statute says. It does allow venue in any circuit by stipulation of both parties, but if the IRS wants to hold the petitioning taxpayer to the venue specified in the statute, it may do so.

Third, the taxpayers point out that the Tax Court is physically located within the territorial jurisdiction of this court. This, of course, is true of the Tax Court, but not relevant in view of the All Writs Act and the specific venue provisions of § 7482(b).

■ Finally, they make an argument akin to *forum non conveniens.* Some of the hearings before the Tax Court in this case have taken place in Washington, and some in New York City. None has been held within the Eighth Circuit. Tax Court Rule 140 permits the taxpayer to request the trial venue of his choice, and directs the court to choose the venue most convenient to the taxpayer. Venue for trial and venue for appeal in Tax Court cases are wholly separate. Neither necessarily follows the other.

■ We conclude that under 28 U.S.C. § 1651(a), the proper court in which to seek an extraordinary writ directed against the United States Tax Court is the court which would have jurisdiction over an appeal from the final judgment of the Tax Court in the particular case. For these petitioners, that is the Court of Appeals for the Eighth Circuit. Therefore, we hold that we do not have jurisdiction over this petition, and the motion of the IRS to dismiss the petition is

*Granted.*