**Morris W. MOSS, Jr., Plaintiff,**

v.

**Jack T. ARNOLD, et al., Defendants.**

**Morris W. MOSS, Jr., Plaintiff,**

v.

**DEPARTMENT OF the AIR FORCE, et al., Defendants.**

**Nos. C–3–85–376, C–3–85–919.**

United States District Court, S.D. Ohio, W.D.

Sept. 10, 1986.

Morris W. Moss, Jr., pro se.

Dale Ann Goldberg, Asst. U.S. Atty., Dayton, Ohio, for defendants.

DECISION AND ENTRY GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOC. #28 IN CASE NO. C–3–85–376 AND DOC. #13 IN CASE NO. C–3–85–919); PLAINTIFF'S COMPLAINTS DISMISSED WITHOUT PREJUDICE; TERMINATION ENTRIES

RICE, District Judge.

These cases (Nos. C–3–85–376 and C–3–85–919) are before the Court on Motions to Dismiss (Doc. #28 in Case No. C–3–85–376 and Doc. #13 in Case No. C–3–85–919), which argue that this Court is without subject matter jurisdiction to hear Plaintiff's claims. For the reasons set forth below, the Court agrees that it lacks subject matter jurisdiction over these cases and, accordingly, grants Defendants' Motions to Dismiss. The captioned causes are thus dismissed without prejudice.

These cases arise out of Plaintiff's civilian employment at Wright Patterson Air Force Base in Fairborn, Ohio. The claims in Case No. C–3–85–376 originated when Plaintiff filed several grievances regarding performance evaluations and his removal from a GS–11 supervisory accountant position. These grievances were decided against the Plaintiff by Lt. Gen. McMullen on July 9, 1983. Plaintiff also filed grievances on September 7, 1983 regarding his not being selected for a GS–12 systems accountant position. This grievance was also decided against the Plaintiff by Gen. McMullen on May 1, 1984. A final Air Force decision against Plaintiff was issued by Deputy Assistant Secretary of the Air Force J. Craig Cumbey on February 4, 1985. Plaintiff's request for reconsidera-

tion of this decision was denied. On March 12, 1985, Plaintiff sent a complaint to the Office of Special Counsel to the Merit Systems Protection Board based upon these denials of his grievances. On April 9, 1985, Plaintiff was sent a letter indicating that no action would be taken by the Office of Special Counsel.

The claims in Case No. C–3–85–919 arise out of the grievance filed by Plaintiff on May 8, 1985 when he was not selected for a GS–12 systems accountant position. Plaintiff received an unfavorable decision on this grievance from the Commander of the Aeronautical Systems Division on February 15, 1985, and an unfavorable final decision from the Air Force on December 2, 1985.

■ Plaintiff argues that this Court has jurisdiction over his claims under 5 U.S.C. § 2302(b), which prohibits employees with authority over personnel actions from engaging in certain abuses of authority. The Sixth Circuit, however, has held that Section 2302(b) does not create a private right of action:

> ■ is apparent from the legislative history of the CSRA [Civil Service Reform Act of 1978] and from the plain words of the Act itself, that Congress was *not* operating under an exclusive or implicit assumption that it was creating or preserving an implied cause of action when it passed the provisions of the Act relating to protection against retaliation. Rather, the Act appears to have been intended to provide comprehensive protection to whistle blowers through the establishment of a Merit Systems Protection Board and an Office of Special Counsel, which would preclude independent lawsuits by individual claimants.

*Braun v. United States,* 707 F.2d 922, 925 (6th Cir.1983) (emphasis in original).

■ Nor does Plaintiff's amendment of his claim of jurisdiction to add a Title VII, 42 U.S.C. § 2000e–16(e), claim of retaliation provide a basis for jurisdiction. A com-

plaint brought under Title VII must be based on discrimination because of race, color, religion, sex or national origin. Retaliation by a supervisor alone, without a claim that the supervisory action was in retaliation for an employee's having taken legal proceedings in response to an incident of discrimination based on race, color, religion, sex, et cetera, does not create a cause of action under Title VII.

■ As the Defendants' memoranda point out, Plaintiff's remedy for the Air Force's denial of his grievances is not an action in this District Court. Rather, he must seek review of the agency determination through the Special Counsel to the Merit Systems Protection Board. *See* 5 U.S.C. § 1206(a)(1); 5 C.F.R. § 1250.1(a); *see also Leonard v. Orr,* 590 F.Supp. 474, 479 n. 3 (S.D.Ohio 1984).

■ Plaintiff has in fact sought relief through the Special Counsel to the Merit Systems Protection Board in Case No. C–3–85–376. However, that office indicated to the Plaintiff that no action would be taken on his grievances. While this Court is without jurisdiction to review the Office of Special Counsel's decision not to act, it notes that Plaintiff may have an avenue to challenge the refusal of that Office to act.

No section of the CSRA provides for direct judicial review of the decisions of the Office of Special Counsel. However, this Court believes that the District of Columbia Circuit has set forth a credible basis for review of abuses of discretion by that Office:

> Despite substantial precedent to the effect that federal mandamus does not ordinarily lie under 28 U.S.C. § 1361[1] to compel prosecutions or even investigations, ... we believe that a strong case can be made that by enacting CSRA Congress intended to afford a whistle blower the right to have a complaint of retaliation investigated to the extent necessary to determine whether there were reasonable grounds for the allegation, *i.e.*, we

---

**1.** As noted below, however, it is the All Writs Act, 28 U.S.C. § 1651(a), rather than the Mandamus Statute, 28 U.S.C. § 1361, that may provide a basis for review of OSC decisions. The Man-

damus Statute is not available when review by other means is possible. *See, e.g., Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).

believe that the OSC [Office of Special Counsel] does not have totally unreviewable discretion to refuse to look at the complaint altogether or to refuse to look at it for reasons unauthorized by the statute. We know that Congress obviously meant the OSC to have authority to dismiss claims which are groundless and frivolous on their face, and that it intended that the OSC develop a systematic means of screening employee complaints to weed out the unmeritorious ones. It is also quite clear from this statutory language and corresponding legislative history that Congress did not mean to make OSC's decisions to terminate or conduct an investigation or bring a proceeding before the Board reviewable on the merits.... But we cannot so easily conclude that Congress meant to provide no means to enforce the OSC's failure to perform a ministerial duty, *i.e.*, to investigate or to screen to some degree employee complaints which allege prohibited personnel practices. The CSRA contains an unequivocal statutory mandate incorporated into the OSC's own regulations which states: "The Special Counsel is required to receive and to investigate allegations of prohibited personnel practices...." 5 C.F.R. § 1250.-2(a). It would be difficult to square unreviewable refusal to investigate with the strong language found in the legislative history.

*Wren v. Merit Systems Protection Board*, 681 F.2d 867, 875–76 n. 9 (D.C.Cir.1982) (citations omitted); *see also Carducci v. Regan*, 714 F.2d 171, 175 (D.C.Cir.1983) (judicial review of the Office of Special Counsel is "limited, at most, to insuring complaints with the statutory requirement that the OSC perform an adequate inquiry....") (quoting *Cutts v. Fowler*, 692 F.2d 138, 140 (D.C.Cir.1982)).

However, if such power to review determinations made by the Office of Special Counsel can properly be implied, jurisdiction to make the review must be limited to the Court of Appeals for the Federal Circuit. The CSRA (as noted above) does not provide for direct judicial review of the Office of Special Counsel's actions. However, the Office of Special Counsel ultimately brings cases it decides have merit before the Merit Systems Protection Board. 5 U.S.C. § 7703 provides for review of decisions by the Merit Systems Protection Board exclusively by the Federal Circuit in all cases except those arising under Title VII. Federal courts may use the All Writs Act, 28 U.S.C. § 1651(a), to issue writs of mandamus necessary to protect their prospective jurisdiction. *See, e.g., Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 74–79 (D.C.Cir.1984). In other words, when a court has a statutory obligation to review an agency's decisions on the merits, and that statutory obligation may be defeated by an agency that fails to resolve disputes, the court may resolve claims of unreasonable delay or inaction in order to protect its future jurisdiction. *Id.* at 76; *Environmental Defense Fund, Inc. v. Ruckelshaus*, 439 F.2d 584, 593 (D.C.Cir.1971). However, "[t]he All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief." *Id.* at 77. As noted, the Federal Circuit has a statutory obligation to review decisions of the Merit Systems Protection Board in non-Title VII cases. Inaction by the Office of Special Counsel, specifically an unreasonable refusal to investigate charges sent thereto, will inevitably result in no complaint being filed with the Merit Systems Protection Board by that Office. Without a complaint from the Office of Special Counsel as to the acts charged by a complaining party, the Merit Systems Protection Board will make no determination of the legality of the acts charged. Without a decision of the Merit Systems Protection Board, the Federal Circuit has nothing to review. In effect, then, the Office of Special Counsel's failure to investigate a claim, which is not an option within that Office's discretion, *see, e.g., Wren*, 681 F.2d at 875–76 n. 9, prevents the Federal Circuit from performing its statutory obligation to review Merit Systems Protection Board decisions. Thus, the All Writs Act may provide the Federal Circuit with mandamus jurisdiction to review the Office of Special

Counsel's determinations not to investigate a charge because that Court ultimately has review power over the Merit System Protections Board's determinations. On the other hand, the All Writs Act does not provide district courts with power to review the OSC's actions because these courts are without power to review the MSPB's ultimate decisions.[2] In sum, if determinations of the Office of Special Counsel can be reviewed (as this Court believes they can), such review may only be done by the Federal Circuit. Neither the Mandamus Statute nor the All Writs Act gives this Court the power to make such a review.

Accordingly, this Court concludes that it lacks subject matter jurisdiction over the captioned causes. All other pending motions in both cases are deemed moot. Plaintiff's Complaints are, therefore, dismissed without prejudice.

The captioned causes are hereby terminated on the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**2.** As the D.C. Circuit has written: "We have no appellate jurisdiction over the instant case, past, present, or future, which mandamus [under the All Writs Act] could 'aid.' Therefore, we lack jurisdiction to issue the writ." *In re Stone,* 569 F.2d 156, 157 (D.C.Cir.1978), *quoted in Telecommunications Research and Action Center,* 750 F.2d at 77 n. 33.