Filiberto OJEDA RIOS, Petitioner,

v.

George WIGEN, Warden, Metropolitan
Correctional Center, Respondent.

Docket No. 88–3057.

United States Court of Appeals,
Second Circuit.

Submitted Nov. 1, 1988.

Decided Nov. 29, 1988.

Richard J. Harvey, New York City, submitted a brief, for petitioner.

Victor D. Stone, Paula A. Wolff, Crim. Div., Dept. of Justice, Washington, D.C., submitted a brief, for respondent.

Before NEWMAN, Circuit Judge, in Chambers.

JON O. NEWMAN, Circuit Judge:

Pending before me in my capacity as circuit judge is a petition by Filiberto Ojeda Rios, who is currently confined in the Metropolitan Correctional Center within the Southern District of New York. The petition seeks alternatively a writ of mandamus pursuant to 28 U.S.C. § 1651 (1982), or a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (1982). Petitioner has addressed the petition to me by name.

## Facts

Petitioner was initially arrested in Puerto Rico on August 30, 1985, after a grand jury in the District of Connecticut indicted him and others for various offenses arising out of the 1983 armed robbery of a Wells Fargo office in West Hartford, Connecticut. The Government sought and obtained his pretrial detention without bail in connection with the robbery charges on grounds of both dangerousness and risk of flight. *See* 18 U.S.C. § 3142(e) (Supp. IV 1986). In support of the request for detention on the ground of dangerousness, the Government presented evidence to the United States Magistrate in Connecticut that Ojeda Rios had shot and wounded an agent of the Federal Bureau of Investigation during the course of the arrest in Puerto Rico. After several challenges to the lawfulness of the pretrial detention, *see United States v. Melendez–Carrion,* 790 F.2d 984 (2d Cir.1986); *United States v. Melendez–Carrion,* 820 F.2d 56 (2d Cir.1987), this Court ruled on May 13, 1988, that the continued pretrial detention of Ojeda Rios violated his rights under the Due Process Clause. *In re Ojeda Rios,* 863 F.2d 202 (2d Cir.1988) (*Ojeda Rios I*). Ojeda Rios had then been in pretrial detention for thirty-two months. On May 20, 1988, Ojeda Rios was released on bail in connection with the Connecticut robbery charges.

On August 14, 1988, a grand jury in the District of Puerto Rico indicted Ojeda Rios on assault and firearms charges arising from the shooting episode that occurred in Puerto Rico on August 30, 1985, when he was arrested for the Connecticut robbery. Two days later he was arrested in Connecticut on a bench warrant issued upon the Puerto Rico indictment. The Government sought pretrial detention without bail in connection with the Puerto Rico assault charges, and such detention was ordered by the United States Magistrate in Puerto Rico. Thereafter, Ojeda Rios successfully sought to have his confinement transferred to the Southern District of New York so that he could consult with counsel in connection with the pending Connecticut indictment. Ojeda Rios has challenged the pretrial detention order issued by the Magistrate in Puerto Rico by appealing to the District Court for the District of Puerto Rico. *See* 18 U.S.C. § 3145(b) (Supp. IV 1986).

## Discussion

Preliminarily, I consider whether petitioner is entitled to select the judge to act on the petition and whether the relief he seeks should be considered by one judge of this Court or by a panel of three judges.

1. *Presentation to a Selected Judge.* Unlike the Supreme Court, this Court does not by rule provide for identification of the particular judge to whom a one-judge motion should be submitted.[1] However, it is the practice of this Court that one-judge motions are submitted for decision by the junior active judge of the panel then sitting.[2] Thus, the initial question is whether our usual practice should be altered where a one-judge motion is ad-

---

1. The Supreme Court's rules provide that a motion for relief by an individual Justice "will be addressed to the Justice allotted to the Circuit within which the case arises" or, in the event of the unavailability of such Justice, to the next junior Justice. Sup.Ct.R. 43.4. If the motion is denied, it may be renewed "to any other Justice," though such renewal is "not favored." *Id.* 43.5.

2. One-judge motions concerning a calendared appeal are submitted to the presiding judge of the panel to which the appeal has been assigned. One-judge motions concerning matters already adjudicated by the Court are referred, depending on the nature of the relief sought, either to the presiding judge of the panel rendering the decision or to the junior active judge of that panel, in accordance with internal procedures.

dressed to a named judge. I believe that under normal circumstances the usual referral procedure should be followed. Forum-shopping is to be discouraged, and litigants generally ought not to have the option of selecting a particular judge to adjudicate one-judge motions. When a panel of the Court is sitting, the Clerk's Office should refer one-judge motions to the junior active judge, regardless of the judge selected by the litigant. When a panel is not sitting, as occurs during some weeks of the summer, a judge is designated by the Court each week to serve as applications judge, and a one-judge motion should be referred to that judge. Upon referral, the junior active judge (or the applications judge) can then determine, ordinarily in consultation with the named judge, whether any special circumstances warrant referral of the motion in accordance with the litigant's preference.

Emergency situations may occasionally arise where circumstances require the immediate presentation of a one-judge motion to a judge at a location distant from the Clerk's Office in New York City, in which event the judge has the discretion either to act upon the motion or to require its submission to the Clerk's Office for normal referral and scheduling.

The pending motion was filed with the Clerk's Office and referred to me because the motion was addressed to me. Ordinarily I would have returned the motion to the Clerk's Office for referral to the junior active judge. However, I was coincidentally the junior active judge of the panel sitting when the motion was referred to me. For that reason alone, I have retained the motion and therefore proceed to consider whether the motion is properly for an individual judge or a panel of three judges.

2. *Decision by One Judge or a Three-Judge Panel.* The rules of our Court provide that motions for "procedural relief" will "normally" be determined by one judge. 2d Cir.R. 27(f). The pending petition for mandamus or habeas corpus to obtain release from pretrial detention is surely not a motion for procedural relief. Nevertheless, authority to issue an extraordinary writ appears to be conferred upon an individual judge by the "all writs" statute, 28 U.S.C. § 1651(b), and "any circuit judge" has clear authority to grant a petition for habeas corpus, 28 U.S.C. § 2241(a). Use of an individual judge's authority to issue an extraordinary writ has normally been confined to situations warranting temporary relief to preserve the court's jurisdiction, *see Arrow Transportation Co. v. Southern Ry.,* 372 U.S. 658, 662 n. 4, 83 S.Ct. 984, 986 n. 4, 10 L.Ed.2d 52 (1963); *Application of President & Directors of Georgetown College, Inc.,* 331 F.2d 1000, 1005 (D.C.Cir.) (chambers opinion of Wright, J.), *reh'g in banc denied,* 331 F.2d 1010 (D.C.Cir.), *cert. denied,* 377 U.S. 978, 84 S.Ct. 1883, 12 L.Ed.2d 746 (1964); *Woods v. Wright,* 8 Race Rel.L.Rep. 445 (5th Cir.1963) (chambers opinion of Tuttle, J.).

Though I have authority to consider the pending petition as an individual judge, I deem it appropriate to refer the petition to a panel of this Court to the extent that the petition seeks a writ of mandamus. First, though petitioner's liberty is at issue, this is not a situation such as confronted Judge Wright in *Application of President & Directors of Georgetown College, Inc., supra,* where the delay required for consideration by a panel risked life-threatening consequences. Second, on matters of substance, where recourse is had to a court of appeals, it is normally preferable, absent an emergency, to have decision rendered by more than an individual judge. *See Aaron v. Cooper,* 261 F.2d 97, 101 n. 1 (8th Cir. 1958) (describing practice of Eighth Circuit to have extraordinary motions normally considered by at least two judges "to prevent any attempt at 'shopping' as to such applications; to make the soundness of the action on such applications more certain; and to avoid the public unseemliness of a single circuit judge setting up his judgment against that of another individual judge").

Accordingly, the petition for mandamus is referred to a three-judge panel, which has this date denied the petition. *See In re Ojeda Rios,* 863 F.2d 202 (2d Cir.1988).

To the extent that the petition seeks a writ of habeas corpus, however, the situation is more complicated. The habeas corpus statute confers authority to issue the Great Writ upon the Supreme Court (and any Justice thereof) and upon the district courts, but omits the courts of appeals, conferring power at the intermediate appellate level only upon "any circuit judge within [his or her] respective jurisdiction[ ]." 28 U.S.C. § 2241(a). Courts of appeals have disclaimed the power, as courts, to issue an original writ of habeas corpus. *Zimmerman v. Spears*, 565 F.2d 310, 316 (5th Cir.1977); *Parker v. Sigler*, 419 F.2d 827, 828 (8th Cir.1969); *Loum v. Alvis*, 263 F.2d 836 (6th Cir.1959); *In re Berry*, 221 F.2d 798 (9th Cir.1955); *Crabtree v. United States*, 209 F.2d 164, 165 (5th Cir.1953), *cert. denied*, 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104 (1954); *Posey v.*

*Dowd*, 134 F.2d 613 (7th Cir.), *cert. denied*, 319 U.S. 746, 63 S.Ct. 1032, 87 L.Ed. 1701 (1943). However, a court of appeals has power, under the "all writs" statute, to issue a writ of habeas corpus incident to "the complete exercise of the appellate jurisdiction vested in such courts." *Whitney v. Dick*, 202 U.S. 132, 136–37, 26 S.Ct. 584, 586, 50 L.Ed. 963 (1906). Jurisdiction for a court of appeals to issue the writ of habeas corpus has been approved to bring an incarcerated prisoner before the court for oral argument, *Price v. Johnston*, 334 U.S. 266, 278, 68 S.Ct. 1049, 1056, 92 L.Ed. 1356 (1948), and even to discharge a prisoner from confinement under a federal sentence where an appeal was effectively unavailable, *Adams v. United States ex rel. McCann*, 317 U.S. 269, 272–75, 63 S.Ct. 236, 238–40, 87 L.Ed. 268 (1942) (discharge reversed on the merits).[3]

**3.** The lack of authority of courts of appeals, as courts, to adjudicate petitions for writs of habeas corpus not in aid of their jurisdiction may profitably be compared to the somewhat related question whether a court of appeals, as a court, may adjudicate a request for a certificate of probable cause, which is required before an appeal may be taken from a final order in a habeas corpus proceeding involving detention ordered by a state court. *See* 28 U.S.C. § 2253 (1982). The matter was interestingly explored in proceedings that culminated in the Supreme Court's decision in *In re Burwell*, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666 (1956) (per curiam). After Burwell's petition for habeas corpus was denied, he applied to the Court of Appeals for the Ninth Circuit for a certificate of probable cause in order to perfect an appeal. Section 2253 lists those authorized to issue such certificate as "the justice or judge who rendered the order" on the habeas petition or "a circuit justice or judge." Citing section 2253, the Ninth Circuit ruled that it lacked power to grant the certificate. *In re Burwell*, 226 F.2d 309 (9th Cir.1955). The syllabus to the decision, as reported in the Federal Reporter, offers a clue to the Court's reasoning by describing the case as one in which a petitioner "applied to the court, but not any judge thereof," for issuance of the certificate. *Id.*

The Supreme Court summarily reversed and remanded "so that the petitioner's application for a certificate of probable cause may be entertained on its merits." *Burwell v. Teets*, 350 U.S. 808, 809, 76 S.Ct. 98, 98, 100 L.Ed. 726 (1955) (per curiam). Still doubtful as to its authority to issue the certificate, the Ninth Circuit certified three questions to the Supreme Court: (1) Has Congress created jurisdiction in the Court of Appeals "as a court" to issue a certificate of

probable cause? (2) If Congress has not created such jurisdiction, did the Supreme Court do so in its remand order? (3) If either Congress or the Supreme Court created such jurisdiction, should the petitioner's request be considered by "all the judges, as judges, or some individual judge, or the court as a court"? *In re Burwell, supra*, 350 U.S. at 521–22, 76 S.Ct. at 539–40. The Supreme Court dismissed the Ninth Circuit's certificate of questions, declining to answer any of them as framed. However, the Court gave this instruction: "It is for the Court of Appeals to determine whether such an application to the court is to be considered by a panel of the Court of Appeals, by one of its judges, or in some other way deemed appropriate by the Court of Appeals within the scope of its powers." *Id.* at 522, 76 S.Ct. at 540.

Despite this leeway, Rule 22(b) of the Federal Rules of Appellate Procedure specifies that if a request for a certificate of probable cause "is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate." The accompanying note of the Advisory Committee flatly declares that section 2253 "does not authorize the court of appeals as a court to grant a certificate of probable cause" and adds that *In re Burwell* "makes it clear that a court of appeals may not decline to consider a request for the certificate addressed to it as a court but must regard the request as made to the judges thereof." That is a somewhat surprising interpretation, since *In re Burwell* seems to afford courts of appeals the alternative of having a request for a certificate acted upon either by a panel of the court or by one of its judges acting individually. In this Circuit it is the customary practice, when a request for a certificate is denied by a district

In the pending matter, the request for relief is not incident to the appellate jurisdiction of this Court, as the panel to which the mandamus petition has been referred has this date concluded. *In re Ojeda Rios*, 863 F.2d 202 (2d Cir.1988). Though petitioner contends that his confinement violates the ruling rendered by this Court in *Ojeda Rios I*, that challenge does not implicate the jurisdiction of this Court. That jurisdiction was exhausted when the mandate in *Ojeda Rios I* issued and was complied with by the District Court to which it was directed. If a decision of some other court is in conflict with the ruling in *Ojeda Rios I*, that is a matter within the jurisdiction of the court of appeals with appellate jurisdiction over such court. *See Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80 (2d Cir.1961), *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962) (issuing mandamus to district judge within Second Circuit to prevent retrial of issue adjudicated between the parties by the First Circuit). Since the pending application for habeas corpus is not in aid of this Court's appellate jurisdiction, it cannot be acted upon by a panel of this Court and is therefore appropriate for consideration as an original matter by an individual judge.

3. *Decision by a Circuit Judge or a District Judge.* Before assessing the merits of the habeas petition, however, I am obliged to reckon with the provision of the habeas statute that authorizes a transfer to "the district court having jurisdiction to entertain" the petition, 28 U.S.C. § 2241(b), and with the more prescriptive language of Rule 22(a) of the Federal Rules of Appellate Procedure, which states that an application presented to a circuit judge "will ordinarily be transferred to the appropriate district court." That transfer option is especially preferable where fact-finding is required and is normally appropriate even for consideration of issues of law. The district court is usually a more convenient forum for the litigants, and a reviewing authority benefits from the initial consideration of a district judge. In this matter, however, I believe that transfer to the district court is not appropriate. No fact-finding is required with respect to the limited issue appropriate for decision here. Moreover, petitioner has directed his petition to a judge of this Court because his claim rests on a prior decision of this Court. That circumstance may not warrant relief, but it weighs in favor of consideration of the claim by a judge of this Court.

Though the petition need not be referred to the District Court for the Southern District of New York, where petitioner is incarcerated, there is a further question whether the jurisdiction I have ought to be exercised with respect to the lawfulness of detention that is currently being litigated in the District Court for the District of Puerto Rico. Puerto Rico is the judicial district in which the indictment was returned, the detention order was sought and issued, and in which the validity of that order was first challenged by petitioner by exercising his right to have the ruling of the Magistrate reviewed by the District Court. Normally, the court first asked to adjudicate a matter should have priority over a subsequent lawsuit, *see Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979), although special circumstances may warrant proceeding with the second litigation, as *Factors* itself indicates. If the current

court, to have the renewed request to this Court acted upon by a panel of the Court.

The pertinence of this extended digression to the pending matter arises from the fact that issuance of a certificate of probable cause, which is a necessary step in the perfection of appeals of habeas orders involving state custody, is always in aid of the appellate court's jurisdiction whereas issuance of a writ of habeas corpus is sometimes in aid of appellate jurisdiction and sometimes an original proceeding.

Any process in aid of a court's jurisdiction is authorized by the "all writs" statute so long as the process is "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Thus, a court of appeals, as a court, is entitled to issue a certificate of probable cause, as *In re Burwell* suggests, and is entitled to issue a writ of habeas corpus in those cases where doing so is in aid of its appellate jurisdiction, as *Price v. Johnston, supra*, 334 U.S. at 278–79, 68 S.Ct. at 1056–57, holds, but not otherwise.

location of Ojeda Rios' confinement had been selected by prosecuting officials, his entitlement to challenge that confinement here would be considerably stronger. Despite my doubts, I do not believe that a person who has been released from pretrial detention after thirty-two months of incarceration only to be promptly retaken into custody should have technical considerations stand in the way of reaching, at least to a limited extent, the merits of his habeas challenge.

*4. The Merits.* On the merits, petitioner's point is that our prior opinion in *Ojeda Rios I* prohibits any further pretrial detention in connection with matters known to the Government at the time of his prior indictment and used by the Government in support of the prior detention order. The point is not without substance but is unavailing. *Ojeda Rios I* determined that the pretrial detention of petitioner for the charges he was then facing had exceeded the durational limits of due process under all of the pertinent circumstances. That decision does not preclude at least some limited pretrial detention on new charges, even though the conduct underlying such charges was previously known to the Government and urged in support of the prior detention. The assault episode was used by the Government as evidence of dangerousness. The issue now is not only whether Ojeda Rios is dangerous; it is whether the District Court in Puerto Rico is entitled to use pretrial detention to hold petitioner in custody to answer charges based on an offense committed there. That decision requires assessment of many considerations, including the nature of the charges there pending, the currently available evidence of dangerousness and flight, and the reasons why the Government is contributing to the aggregate length of pretrial detention by presenting charges based on facts known to the Government ever since petitioner's arrest on the Connecticut robbery charges. That overall assessment must be made initially by the appropriate judicial officers with jurisdiction over the Puerto Rico assault charges, subject to review by the appropriate appellate authorities. The sole aspect of petitioner's claim that is appropriate for my consideration is whether the thirty-two months of prior detention already served by Ojeda Rios is, in itself, a fact that automatically renders any pretrial detention on the Puerto Rico charges unlawful. I conclude that it does not. Whether, in combination with all the pertinent circumstances, it has such effect is a matter for the District Court in Puerto Rico. Manifestly, the extraordinary duration of that prior detention is a pertinent circumstance for the Puerto Rico Court to consider, and it will be especially pertinent in determining the permissible duration of any detention that may ultimately be determined to be lawful.

Since I conclude that the prior ruling in *Ojeda Rios I* does not automatically establish that petitioner's custody is unlawful, I conclude that the petition for habeas corpus relief should be denied. Such a ruling, of course, is without prejudice to petitioner's challenge to the detention order in the District of Puerto Rico.

Petition for writ of habeas corpus denied.