**In re Filiberto OJEDA RIOS, Petitioner.**

**Docket No. 88–3057.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 1, 1988.
Decided Nov. 29, 1988.

Richard J. Harvey, New York City, submitted a brief, for petitioner.

Victor D. Stone, Paula A. Wolff, Crim. Div., Dept. of Justice, Washington, D.C., submitted a brief, for respondents.

Before LUMBARD, OAKES, and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

We have before us a petition for a writ of mandamus seeking the release of petitioner Filiberto Ojeda Rios, who is being held in pretrial detention without bail in connection with an indictment pending against him in the United States District Court for the District of Puerto Rico. Ojeda Rios is currently incarcerated in the Metropolitan Correctional Center within this Circuit. He seeks relief from this Court alleging that his pretrial detention violates the mandate of this Court issued in *United States v. Ojeda Rios*, 846 F.2d 167 (2d Cir.1988) (*"Ojeda Rios I"*).

This petition, which seeks alternatively a writ of mandamus, pursuant to 28 U.S.C. § 1651 (1982), or a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (1982), was initially directed to the writer of this opinion for consideration as an individual circuit judge. For reasons set forth in a chambers opinion filed this date, *Ojeda Rios v. Wigen*, 863 F.2d 196 (2d Cir.1988) (chambers opinion of Newman, J.), petitioner's request for a writ of mandamus was referred to this panel.

Petitioner was initially arrested in Puerto Rico on August 30, 1985, after a grand jury in the District of Connecticut indicted him and others for various offenses arising out of the 1983 armed robbery of a Wells Fargo office in West Hartford, Connecticut. The Government sought and obtained his pretrial detention without bail in connection with the robbery charges on grounds of both dangerousness and risk of flight. *See* 18 U.S.C. § 3142(e) (Supp. IV 1986). In support of the request for detention on the ground of dangerousness, the Government presented evidence to the United States Magistrate in Connecticut that Ojeda Rios had shot and wounded an agent of the Federal Bureau of Investigation during the course of the arrest in Puerto Rico. After several challenges to the lawfulness of the pretrial detention, *see United States v. Melendez–Carrion*, 790 F.2d 984 (2d Cir.1986); *United States v. Melendez–Carrion*, 820 F.2d 56 (2d Cir.1987), this Court ruled on May 13, 1988, that the length of the pretrial detention violated Ojeda Rios' rights

under the Due Process Clause. *Ojeda Rios I, supra.* Ojeda Rios had then been in pretrial detention for thirty-two months. On May 20, 1988, Ojeda Rios was released on bail in connection with the Connecticut robbery charges.

On August 14, 1988, a grand jury in the District of Puerto Rico indicted Ojeda Rios on assault and firearms charges arising from the shooting episode that occurred in Puerto Rico on August 30, 1985, when he was arrested for the Connecticut robbery. Two days later he was arrested in Connecticut on a bench warrant issued upon the Puerto Rico indictment. The Government sought pretrial detention without bail in connection with the Puerto Rico assault charges, and such detention was ordered by the United States Magistrate in Puerto Rico. Thereafter, Ojeda Rios successfully sought to have his confinement transferred to the Southern District of New York so that he could consult with counsel in connection with the pending Connecticut indictment. Ojeda Rios has challenged the pretrial detention order issued by the Magistrate in Puerto Rico by appealing to the District Court for the District of Puerto Rico. *See* 18 U.S.C. § 3145(b) (Supp. IV 1986).

In his mandamus petition, Ojeda Rios contends that this Court's mandate determining that the length of his pretrial detention in connection with the Connecticut indictment exceeded due process limits precludes his continued incarceration in connection with any matters, such as the shooting in Puerto Rico, that were urged by the Government as justification for his detention on the Connecticut charges. Without reaching the merits of that claim or any issue concerning the consequences of our mandate in *Ojeda Rios I,* we deny the petition for mandamus.

■ The petition seeks a writ of mandamus directed to the Honorable Carmen Consuelo Cerezo, United States District Judge for the District of Puerto Rico, the Honorable Jesus A. Castellanos, United States Magistrate for the District of Puerto Rico, Richard Thornburgh, Attorney General of the United States, Denial Lopez Romo, United States Attorney for the District of Puerto Rico, and George Wigen, Warden of the MCC. To the extent that Ojeda Rios seeks mandamus relief against judicial officers in the District of Puerto Rico, which is within the First Circuit, 28 U.S.C. § 41 (1982), we lack jurisdiction. *General Electric Co. v. Byrne,* 611 F.2d 670, 672 (7th Cir.1979) ("We are aware of no statute or decision which would authorize us to issue a writ of mandamus directed to a district judge sitting in another circuit."); *see In re Stone,* 569 F.2d 156, 157 (D.C.Cir.1978) (court of appeals lacks jurisdiction to issue mandamus to United States Tax Court where final judgment would be appealable to Eighth Circuit); *In re Virginia Electric Power Co.,* 539 F.2d 357, 365 (4th Cir.1976) ("The All Writs Statute [28 U.S.C. § 1651(a) (1982)] authorizes this court to issue writs of mandamus to district courts in the circuit.") (footnote omitted); 16 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3932, at 178 n. 13.5 (1988).

Petitioner contends that a court of appeals may issue mandamus to a district court located beyond the scope of its appellate jurisdiction, citing *Lummus Co. v. Commonwealth Oil Refining Co.,* 297 F.2d 80 (2d Cir.1961), *cert. denied,* 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962), and *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.,* 717 F.2d 1374 (Fed.Cir.1983). Neither decision supports the contention; indeed, both illustrate a permissible use of mandamus by a court of appeals directed to a district court over which appellate jurisdiction existed. In *Lummus Co.,* this Court issued mandamus to a judge of the District Court for the Southern District of New York to prohibit retrial of an issue that had been conclusively adjudicated between the parties by the Court of Appeals for the First Circuit. We recognized the collateral estoppel effect to be accorded the decision of the First Circuit, but our writ was directed to a judge of a court over which we had appellate jurisdiction. *Lummus Co.* indicates that petitioner in our case, if entitled to mandamus relief against a judicial officer, as to which

we express no opinion, must seek such relief from the First Circuit.

Similarly in *Mississippi Chemical Corp.,* the Federal Circuit issued mandamus to a judge of the District Court for the Southern District of Mississippi in a patent infringement suit requiring the judge to give collateral estoppel effect to a final decision of patent invalidity previously rendered by the Court of Appeals for the Tenth Circuit. The Federal Circuit grounded its authority to issue the writ on its recently acquired exclusive appellate jurisdiction over the District Court with respect to an appeal in the infringement action. *Mississippi Chemical Corp., supra,* 717 F.2d at 1379; *see* 28 U.S.C. § 1295(a)(4) (Supp. IV 1986). *But cf. C.P.C. Partnership v. Nosco Plastics, Inc.,* 719 F.2d 400, 401 (Fed.Cir.1983) (disclaiming authority to issue mandamus to a district judge "sitting in another circuit" to review a ruling denying disqualification of counsel because ruling would not affect jurisdiction to "hear the appeal on the merits").

■ To the extent that petitioner seeks mandamus against prosecuting officials and his immediate custodian, jurisdiction to issue the writ is not defeated by the rule of *General Electric Co. v. Byrne, supra,* but the writ is nonetheless unavailable. The "all writs" statute authorizes courts of appeal to issue extraordinary writs only "in aid of their respective jurisdictions." 28 U.S.C. § 1651 (1982). The claim that the pretrial detention order issued by the Magistrate in Puerto Rico is unlawful because of a conflict with the ruling of this Court in *Ojeda Rios I* is now pending, on an appeal from the Magistrate's order, before the District Court for the District of Puerto Rico, the court with "original jurisdiction over the offense" in connection with which the detention order was issued. *See* 18 U.S.C. § 3145(b) (Supp. IV 1986). Appellate jurisdiction with respect to that order lies with the Court of Appeals for the First Circuit. *See* 18 U.S.C. § 3145(c) (Supp. IV 1986), 28 U.S.C. § 41 (1982). We would not be acting in aid of our jurisdiction to determine the lawfulness of that order. Though petitioner, now confined in the Southern District of New York, may petition there for habeas corpus and thereby secure a ruling from which an appeal would lie to this Court, his pending petition for mandamus to declare his detention unlawful is not necessary to preserve our jurisdiction to hear such an appeal if it transpires. Moreover, the availability of habeas corpus, though perhaps not precluding mandamus, is itself a sufficient reason for declining to issue the writ, since it is well settled that mandamus is not warranted where another remedy at law is available. *E.g., Ex parte American Steel Barrel Co.,* 230 U.S. 35, 45, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379 (1913); *In re Morrison,* 147 U.S. 14, 26, 13 S.Ct. 246, 250, 37 L.Ed. 60 (1893).

The petition for a writ of mandamus is denied.