**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frederick PENA, Defendant–Appellant.**

**No. 03–1315.**

United States Court of Appeals,
Second Circuit.

Dec. 31, 2003.

Cheryl Meyers–Buth, Rosenthal, Siegel, Muenkel & Maloney, LLP, Buffalo, New York, for Appellant.

Gretchen L. Wylegala, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Appellee.

Present: OAKES, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Frederick Pena ("Pena") appeals from a May 12, 2003 decision and order of the United States District Court for the Western District of New York (Skretny, J.), denying his motion for re-sentencing and attendant petitions for mandamus and habeas corpus relief. For the reasons discussed below, we vacate in full the district court's decision and order and dismiss the case.

Pena brought a motion in the district court to vacate or set aside his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, for mandamus pursuant to 28 U.S.C. § 1361 and for habeas corpus relief under 28 U.S.C. §§ 2241 and 2255. The crux of Pena's motion was that the Department of Justice and the Bureau of Prisons ("BOP") violated his federal constitutional rights by changing their interpretation or policy concerning the BOP's discretion to place certain classes of convicts directly into community confinement centers. Pena argues that due to this change, the BOP improperly designated him to a federal penitentiary in Loretto, Pennsylvania to serve his term of imprisonment, rather than to a halfway house as was recommended by the district court at the time of sentencing. In his motion, Pena argued that the court should compel the BOP to use its discretion as it existed prior to the change and designate him to a community confinement center. Alternatively, Pena argued that the court should vacate his sentence and re-sentence him. Pena did not name the BOP as a respondent to his petition. The court, noting that Pena had conceded that his Rule 35 motion was untimely, and finding that the BOP's designation of his imprisonment to a federal penitentiary neither violated the Ex Post Facto Clause nor due process principles, rejected Pena's requests for Rule 35 and mandamus relief. The district court did not address Pena's requests for habeas relief. On appeal, both parties maintained at oral argument that the district court

lacked jurisdiction to entertain Pena's petition. Pena has asked us to vacate the district court's decision and order in full and dismiss this case.

■ The district court did not have jurisdiction to entertain Pena's motion for resentencing relief because Pena brought his motion, as he concedes, beyond the time limit imposed by Rule 35. *See United States v. Werber*, 51 F.3d 342, 348 (2d Cir.1995) ("Because the district court modified the defendant['s] . . . sentences more than seven days after they were imposed, the court had no jurisdiction to enter the . . . judgments under Rule 35[a].").

■ Further, the district court lacked jurisdiction to review Pena's requests made pursuant to 28 U.S.C. §§ 1361 and 2441. To obtain relief under those statutes, the government argued—and Pena conceded at oral argument—that Pena must bring an action against his custodian, which is the BOP in the Western District of Pennsylvania. *See, e.g.,* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir.1976) (holding that jurisdiction over habeas petition was lacking where proper custodian never named as respondent). Even if Pena had filed an action naming the BOP in the Western District of Pennsylvania as a respondent, neither party maintains that either this Court or the district court has jurisdiction over the BOP in the Western District of Pennsylvania. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions."); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("[T]he court issuing the writ [must] have jurisdiction over the custodian."); *In re Ojeda Rios*, 863 F.2d 202, 204–05 (2d Cir.1988) (denying petition for writ of mandamus directed to a judicial officer outside of the jurisdiction of this Court).

Finally, although the district court may have had jurisdiction over Pena's § 2255 habeas request for re-sentencing, *see, e.g., Werber*, 51 F.3d at 349 n. 17, in denying his request, the district court's decision and order did not address that statutory predicate. Further, at oral argument before this Court, Pena abandoned his resentencing request.

For these reasons, the decision and order of the district court is VACATED in full and the action is REMANDED with direction to dismiss for want of jurisdiction.