**Shannon L. CLARK, Appellant**

v.

**William C. SHERRILL, Honorable, Appellee.**

**Nos. 09–5152, 09–5298.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2009.

Shannon L. Clark, Carrabelle, FL, pro se.

Warden, Wewahitchka, FL, for Appellant.

BEFORE: GARLAND, BROWN, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed April 13, 2009 in No. 09cv0677, and April 23, 2009 in No. 09cv0276 be affirmed. The appellant has not provided any basis for mandamus relief in the district court. *See Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (noting that a party seeking a writ of mandamus under 28 U.S.C. § 1361 must show that he has "exhausted all other avenues of relief" and that "the defendant owes him a clear nondiscretionary duty"). Nor does appellant's petition for "eloignment," to the extent it is clear what relief it seeks, provide any legal basis for relief. Finally, this court lacks jurisdiction to issue a writ of mandamus under 28 U.S.C. § 1651 because we have no appellate jurisdiction "past, present, or future" over the underlying case in the Northern District of Florida. *In re Stone,* 569 F.2d 156, 157 (D.C.Cir.1978) (holding that the court lacked jurisdiction under § 1651 to issue a writ of mandamus to the U.S. Tax Court).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.