**Frankie Lee CLEMENTS,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,**
**Respondent-Appellee.**

No. 80–5985
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

June 23, 1981.

Bennett H. Brummer, Public Defender, Elliot H. Scherker, Asst. Public Defender, Miami, Fla., for petitioner-appellant.

Alan T. Lipson, Dept. of Legal Affairs, Miami, Fla., for respondent-appellee.

Before HILL, HENDERSON and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal by a prisoner in state custody of denial of a 28 U.S.C.A. § 2254 (West 1977) petition. The district court issued an order certifying the appeal to be taken in good faith and allowing the appeal *in forma pauperis;* however, the district court has not acted on appellant's motion for certification of probable cause filed six days after notice of appeal was filed.

■ Since the district court has not ruled on the appellant's motion for a certificate of probable cause, this appeal was improvidently docketed. An appeal may not proceed until a certificate of probable cause is issued. Rule 22(b), Fed.R.App.P.; 28 U.S.C.A. § 2253 (West 1971); *McKibben v. Hopper,* 565 F.2d 1316 (5th Cir.), *cert. de-*nied, 439 U.S. 968, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978). When a district court has neither issued nor denied a certificate of probable cause, this court may not make the initial determination of whether a certificate should be granted. *McKibben v. Hopper, supra.*

■ The fact that the motion for a certificate of probable cause was filed six days after the notice of appeal does not preclude the district court from considering the motion. In *Klier v. Wainwright,* 464 F.2d 1245 (5th Cir. 1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 945, 35 L.Ed.2d 262 (1973), the judgment was entered, then the notice of appeal was taken, and 80 days thereafter the certificate of probable cause was issued by the district court. On appeal, this court held that the certificate of probable cause was properly issued. The panel in *Klier* reasoned that the discretion vested in the appellate court by Fed.R.App.P. 3(a),[1] when considered along with the failure of the Rules of Appellate Procedure to set out a time limit within which a certificate of probable cause must be obtained, was persuasive authority to reject the proposition that the certificate must be sought before or simultaneously with a notice of appeal. Furthermore, 28 U.S.C.A. § 2253 (West 1971) only states that an appeal may not be "taken" to the court of appeals if a certificate of probable cause has not issued. This section has been construed to mean "not that a notice of appeal may not be filed with its usual effect but only that the appeal may not *proceed* until a certificate of probable cause is issued." *Klier v. Wainwright,* 464 F.2d at 1248. (emphasis in original).

■ Nor can we construe the district court's order certifying the appeal to be taken in good faith and allowing the appeal *in forma pauperis* to be the equivalent of a certificate of probable cause. In this circuit, for a state habeas petitioner to proceed on appeal as a pauper requires certification

---

1. Fed.R.App.P. 3(a) reads in pertinent part:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

by the district court that the appeal is taken in good faith. Local Rule 8.3 of the Fifth Circuit Court of Appeals; *see also* Fed.R.App.P. 24(a); 28 U.S.C.A. § 1915(a) (West 1966). The test for granting a certificate of probable cause is stricter. Justice (then Judge) Blackmun has stated:

> My own reaction is that the cases [of the several circuits], taken as a whole, do indicate that the standard of probable cause requires something more than the absence of frivolity and that the standard is a higher one than the "good faith" requirement of § 1915.

Blackmun, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 8 Cir., 43 F.R.D. 343, 352 (1967), quoted in *Gardner v. Pogue*, 558 F.2d 548 (9th Cir. 1977). This circuit apparently agrees with Justice Blackmun and has distinguished the certificate of probable cause from leave to file *in forma pauperis*. *Payne v. United States*, 539 F.2d 443, 445 (5th Cir. 1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1131, 51 L.Ed.2d 554 (1977).

Pursuant to our discretion as described in Fed.R.App.P. 3(a), we do not deem it appropriate to dismiss appellant's appeal with prejudice. Accordingly, this appeal is dismissed without prejudice and the cause remanded to allow the district court to rule upon appellant's motion for a certificate of probable cause and re-enter its final order. Thereafter, appellant may again file his notice of appeal.[2]

DISMISSED AND REMANDED WITH INSTRUCTIONS.

---

**2.** We have followed the procedure of *McKibben v. Hopper, supra,* in dismissing this appeal without prejudice and remanding with instructions. By doing so, we do not suggest that it would be inappropriate for an appellate court, in a similar situation, to retain jurisdiction and remand for entry of a response to a motion for a certificate of probable cause. Such a procedure is suggested by *Klier v. Wainwright, supra,* which held that a district court has authority to enter an order with respect to a certificate of probable cause, even though jurisdiction is vested in the appellate court by virtue of the filing of the notice of appeal.