**Daniel LATELLA, Appellant,**

v.

**Norwood JACKSON, Warden, Westchester County Department of Corrections, Appellee.**

No. 989, Docket 86–2308.

United States Court of Appeals,
Second Circuit.

Argued March 26, 1987.

Decided April 27, 1987.

Francis J. Murray, New York City (Murray, Skoff & Kelleher, New York City, on the brief), for appellant.

Richard E. Weill, Asst. Dist. Atty. of Westchester County, White Plains, N.Y. (Carl A. Vergari, Dist. Atty., and Anthony J. Servino, Second Deputy Dist. Atty., White Plains, N.Y., on the brief), for appellee.

Before KAUFMAN, TIMBERS and PIERCE, Circuit Judges.

**PER CURIAM:**

Daniel Latella ("appellant") appeals from a judgment entered June 4, 1986 in the Southern District of New York, Kevin T. Duffy, *District Judge,* denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). Appellant filed a tardy notice of appeal on September 5, 1986. We dismiss the appeal since we lack appellate jurisdiction.

Appellant is a New York state prisoner. On October 3, 1985 he filed a petition for a writ of habeas corpus in the Southern District of New York. On May 29, 1986 Judge Duffy filed an opinion denying the petition. A judgment was entered on Judge Duffy's opinion on June 4. On June 9 appellant filed a motion pursuant to Fed.R.Civ.P. 59 to reconsider its decision. On June 18 appellant filed a motion pursuant to 28 U.S.C. § 2253 (1982) for a certificate of probable cause. The motion for reconsideration was denied in an order filed June 25. The application for a certificate of probable cause was denied in an order filed August 12. A notice of appeal was filed September 5.

Under Fed.R.App.P. 4(a)(1) a notice of appeal must be filed within thirty days after the entry of the judgment or order appealed from. The exceptions to this rule, which toll a litigant's time for filing a notice of appeal, are enumerated in Rule 4(a)(4), and are strictly construed. *Griggs v. Provident Consumer Discount Company,* 459 U.S. 56 (1982). Under Rule 4(a)(4), in the event a timely application is made pursuant to Fed.R.Civ.P. 50(b), 52(b) or 59, the time for appeal shall run from the entry of the order denying the relief sought. The logic behind the exceptions to the time requirements of Rule 4(a)(1) is clear; each has the potential for rendering an appeal unnecessary or academic.

In the instant case, the time period for the notice of appeal began to run upon the entry of the judgment on June 4 denying appellant's petition for a writ of habeas corpus. This period was then tolled when appellant made a timely motion for reconsideration pursuant to Rule 59(e). The order denying this motion was filed June 25. Since no subsequent application pursuant to the rules enumerated in Rule 4(a)(4) was made, the thirty day period in which appellant could file his notice of appeal began to run on June 26. Fed.R.App.P. 26(a). Appellant's notice of appeal was filed September 5—seventy-one days thereafter. It is

clear that we do not have jurisdiction to review the judgment denying appellant's petition for a writ of habeas corpus. "It is well settled that the requirement of a timely notice of appeal is '"mandatory and jurisdictional."'" *Griggs, supra,* 459 U.S. at 61 (quoting *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264 (1978)).

Appellant invites us to measure the thirty day period prescribed by Rule 4(a)(1) from the August 12 order of the district court denying his application for a certificate of probable cause. We decline the invitation. Habeas corpus proceedings in our court are governed by Fed.R.App.P. 22. A specific timetable is set forth in Rule 22(b), including the provision that "[i]f an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate shall not issue". Thus, the district court may act on an applicant's application only "if an appeal is taken". An appeal "shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4". Fed.R.App.P. 3(a). Although we would not dismiss a timely appeal merely because an application for a certificate was made (or indeed granted) prior to the time that the notice was filed, the more appropriate procedure is for an applicant to take an appeal by filing a timely notice of appeal, seek a certificate of probable cause, and then proceed with the appeal. This is in accordance with rule 22(b) which provides in relevant part that "an appeal by the applicant for the writ *may not proceed* unless a district or a circuit judge issues a certificate of probable cause" (emphasis added). This means only that the appeal may not *proceed* in the absence of a certificate—it does not remove the jurisdictional prerequisite of the filing of a timely notice of appeal in accordance with Rule 4.

We reject appellant's contention, therefore, that it would be premature to file a notice of appeal prior to seeking a certificate of probable cause. *Accord, Clements v. Wainwright,* 648 F.2d 979, 980 (5 Cir. 1981) (rejecting proposition that certificate must be sought before or simultaneously with a notice of appeal) (citing *Klier v. Wainwright,* 464 F.2d 1245 (5 Cir.1972), *cert. denied,* 409 U.S. 1129 (1973)).

Appeal Dismissed.