**Jeffrey GRUNE, Petitioner–Appellant,**

v.

**Thomas A. COUGHLIN,
Respondent–Appellee.**

**Docket No. 90–8038.**

United States Court of Appeals,
Second Circuit.

Submitted June 12, 1990.

Decided Aug. 29, 1990.

**42**

Jeffrey Grune, pro se.

Before MESKILL, PIERCE and PRATT, Circuit Judges.

MESKILL, Circuit Judge:

This *pro se* appeal presents the question whether a petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 may appeal a district court's denial of bail pending the outcome of the habeas proceedings. Petitioner-appellant Grune appeals the order of the United States District Court for the Southern District of New York, Broderick, J., denying his motion for bail. We hold that such an order is appealable under the collateral order doctrine. However, because the district court has not ruled on appellant's application for a certificate of probable cause, we dismiss the appeal without prejudice.

## BACKGROUND

Appellant is a prisoner at the MidState Correctional Facility in New York. He is serving an indeterminate sentence of imprisonment of three to six years imposed after he pleaded guilty to arson in the third degree, N.Y. Penal Law § 150.10 (McKinney 1988). On May 23, 1989, he filed in the district court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition raises several claims: (1) that the trial court failed to hold a competency hearing; (2) that he was mentally incompetent to enter a plea of guilty; (3) that he was denied effective assistance of counsel; (4) that the trial court failed to hold a hearing on his motion to suppress; and (5) that his guilty plea was not knowingly, intelligently and voluntarily made. The district court has not yet decided the merits of these claims.

Appellant filed a motion for release on bail pending the resolution of the habeas proceedings. On January 26, 1990, the district court denied the motion on the grounds that appellant's petition failed to present substantial claims and that extraordinary circumstances did not exist to justify the granting of bail.

On February 8, 1990, the district court received a letter dated February 5, 1990, from appellant addressing the status of an unrelated pending motion and the court's order denying his request for bail. A copy of the letter was served on counsel for respondent. In this letter, appellant presented his position that "denial of bail should be appealable as a final order under the collateral order doctrine." However, he stated that he was "unsure of how [to] proceed in obtaining appellate review of the bail denial." The district court, apparently because it viewed its bail order as non-appealable, construed the letter as a request for certification pursuant to 28 U.S.C. § 1292(b), which the court denied.

On March 9, 1990, appellant filed an application for a certificate of probable cause pursuant to 28 U.S.C. § 2253. In his supporting papers, appellant requested that the district court treat his February 5, 1990 letter as a notice of appeal from the bail order. The district court has not acted on the application for a certificate of probable cause.

## DISCUSSION

The posture of this case presents several potential obstacles to reaching the merits

of the appeal. The first is whether appellant filed a sufficient notice of appeal. A party seeking to appeal a judgment or order of the district court must file a notice of appeal that specifies the party taking the appeal, the judgment or order from which the appeal is taken and the court to which the appeal is taken. Fed.R.App.P. 3(c).

■ Appellant requests that his letter dated February 5, 1990, be treated as a notice of appeal of the district court's bail order. That letter, at the least, is technically deficient. However, a notice of appeal filed by a *pro se* litigant must be viewed liberally, *Conway v. Village of Mount Kisco*, 750 F.2d 205, 211–12 (2d Cir.1984), *cert. dismissed*, 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986); *Bradley v. Coughlin*, 671 F.2d 686, 689 (2d Cir. 1982), and not every technical defect in a notice of appeal constitutes a jurisdictional defect, *see Matarese v. LeFevre*, 801 F.2d 98, 105 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); *Bradley*, 671 F.2d at 689; Fed.R.App.P. 3(c) ("An appeal shall not be dismissed for informality of form or title of the notice of appeal."). "Our task is to interpret the notice of appeal so as to remain faithful to the intent of the appellant, fair to the appellee, and consistent with the jurisdictional authority of this court." *Conway*, 750 F.2d at 211. As long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction. *See In re Bertoli*, 812 F.2d 136, 138 (3d Cir.1987); *Hanlin v. Mitchelson*, 794 F.2d 834, 838 (2d Cir.1986); *Cobb v. Lewis*, 488 F.2d 41, 45–46 (5th Cir.1974).

Viewing it under these liberal standards, we hold that appellant's February 5, 1990 letter to the district court constituted an adequate notice of appeal under Fed.R. App.P. 3(c). Even though in the letter appellant professed not to know how to proceed further to initiate an appeal, the letter sufficiently indicated his intent to appeal the district court's bail order. He asserted that the order "finally determine[d]" the issue of bail in the district court and that therefore the order was appealable. He then requested assistance from the district court in obtaining appellate review of the order. The district court and the appellee were thus adequately apprised of his intent to appeal the bail order. Finally, the mere failure to identify that the appeal would be taken to this Court does not nullify the notice when it is clear that this is the court to which the appeal would be directed. *See* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.17[3], at 3–88 (2d ed. 1990).

■ The second potential obstacle is the question of our jurisdiction to review an order denying bail pending the disposition of a habeas petition. In *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir.1981), we held that the state may appeal from an order granting bail pending habeas litigation under the collateral order doctrine. Although some circuits have rejected the appealability of a district court's order denying bail pending habeas review, *see Land v. Deeds*, 878 F.2d 318, 318 (9th Cir.1989) (per curiam); *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir.1972) (per curiam), other circuits have held to the contrary. *E.g., Dotson v. Clark*, 900 F.2d 77, 78–79 (6th Cir.1990); *United States v. Smith*, 835 F.2d 1048, 1049–50 (3d Cir.1987); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir.1985).

Under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), an order is deemed collateral and therefore appealable if (1) the order conclusively determines the issue presented, (2) the issue decided is important and completely separable from the merits of the underlying litigation, and (3) the determination would be effectively unreviewable on appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). For substantially the same reasons that an order granting bail pending the disposition of a habeas petition is an appealable collateral order, *see Iuteri*, 662 F.2d at 161, we believe that an order denying bail meets the requirements of the collateral order doctrine. The relief sought

by a bail motion is not the same as the ultimate relief ordinarily sought by a habeas petition. Rather, the former only seeks release pending the disposition of the petition. If there is no interlocutory review of a denial of such relief, the order denying bail is forever unreviewable. *Dotson*, 900 F.2d at 78; *Cherek*, 767 F.2d at 337.

■ Although the standard for bail pending the disposition of a habeas petition does in a sense involve the merits of the petition in that a petitioner is not entitled to bail absent a substantial claim, *see Iuteri*, 662 F.2d at 161, the denial of bail nevertheless is a collateral and conclusive determination of the issue presented. Merely because a court determines that a petition, on the basis of the record developed at that point, does not present a substantial claim does not dispose of the merits of the petition.

Moreover, the limited liberty interest at stake for a habeas petitioner, as opposed to that of a defendant prior to trial or even on direct appeal, goes to the standard for determining the availability of bail, not the question of the appealability of the denial of bail. The standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that "the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id.* Yet, the stringency of the standard does not negate the fact that the determination of the propriety of bail is collateral to the merits and essentially unreviewable after a final order on the merits.

■ Although we hold that an order denying bail pending the disposition of a habeas petition is appealable, appellant here faces a third obstacle that, on the present record, does preclude us from reaching the merits of his appeal. Before an appeal by a party seeking habeas relief pursuant to section 2254 may proceed, the party must obtain a certificate of probable cause. 28 U.S.C. § 2253; Fed.R.App.P. 22(b); *see Latella v. Jackson*, 817 F.2d 12, 13 (2d Cir. 1987) (per curiam), *cert. denied*, 484 U.S. 1010, 108 S.Ct. 708, 98 L.Ed.2d 658 (1988).

We construe this requirement as extending not only to the final determination of the merits but also to an order denying bail. *See Dotson*, 900 F.2d at 79. The interest served by the certificate of probable cause requirement—relieving the state and the court system of the burdens resulting from the litigation of insubstantial appeals—is equally served whether the order appealed is a final disposition of the merits or a collateral order.

■ Appellant presented the district court with an application for a certificate of probable cause. The district court, however, did not rule on the application, apparently because it assumed that the issue of appealability was resolved after it denied what it construed as appellant's request for certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The district court is required to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue." Fed.R.App.P. 22(b). It has done neither. Although a court of appeals may grant a certificate of probable cause if one is denied by the district court, *id.; see Ojeda Rios v. Wigen*, 863 F.2d 196, 200 n. 3 (2d Cir.1988) (Newman, J., in chambers), it may not make the initial determination whether a certificate should be granted. *Fabian v. Reed*, 707 F.2d 147, 148 (5th Cir.1983) (per curiam); *Clements v. Wainwright*, 648 F.2d 979, 980 (5th Cir. Unit B June 1981) (per curiam); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.1977). The initial determination must be left to the district court.

Given the unusual posture of this case, the appropriate course for us is to dismiss the instant appeal without prejudice and to remand the matter so that the district court may rule on appellant's application for a certificate of probable cause. *See Clements*, 648 F.2d at 981.

## CONCLUSION

We recognize that our holding will result in the unfortunate shifting of papers in this case between this Court and the district court. We nevertheless are hopeful that in

doing so we will clarify the questions presented by this appeal so that similar procedural problems can be avoided in future habeas litigation.

The appeal is dismissed without prejudice and the cause is remanded to the district court for a decision on appellant's application for a certificate of probable cause. Any further appeal should be assigned to this panel.

GEORGE C. PRATT, Circuit Judge, concurring in part and dissenting in part:

I agree with that part of the majority opinion that treats Grune's letter of February 5, 1990, as an adequate notice of appeal under Fed.R.App.P. 3(c). I dissent, however, from that part of the majority opinion that holds the order of the district court to be appealable.

The district court denied Grune's application for bail pending a determination of his application under 28 U.S.C. § 2254 for a writ of habeas corpus. Grune seeks to appeal that denial of interim relief, claiming that the order is an interlocutory order appealable under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court, however, has stressed that it "has interpreted the requirements of the collateral-order exception * * * with the utmost strictness in criminal cases". *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984).

The majority relies on *Iuteri v. Nardoza*, 662 F.2d 159 (2d Cir.1981), where we held that an order *granting* bail to a federal prisoner pending determination of a habeas petition was appealable under *Cohen*. *Iuteri*, however, should not control the appealability of an order *denying* bail in a habeas proceeding.

There is an enormous difference between an order that grants bail to a habeas applicant, and one that denies him interim bail pending his desperate attempt to overturn his conviction, which already has been fully reviewed in the state courts. The *Cohen* doctrine requires that to be appealable the order must "come within the 'small class'

of decisions [which] resolve an *important* issue". *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (emphasis added). As we held in *Iuteri*, where the district court had granted bail,

> [t]here are compelling reasons to entertain appeals by the Government from orders granting bail in habeas corpus proceedings where, as here, incarceration has resulted from a conviction. Because of the conviction, the Government has a justified interest in petitioner's continued incarceration.

662 F.2d at 161. In short, when the district court releases a sentenced prisoner on a bail application, the issue presented—immediate freedom for the convicted prisoner—is unquestionably "important".

The situation is different, however, when the district court denies a bail application pending habeas review. The petitioner who is incarcerated has been convicted, his conviction has been affirmed on appeal, and he has exhausted his state remedies—all without success. In these circumstances his liberty interest is minimal; the likelihood of his ultimate release through the habeas proceeding is extremely low; and the district judge who will pass upon the merits of his habeas petition has already determined that the petitioner has failed to show any special reasons that would warrant his release. Thus, an order denying bail pending a habeas determination should not qualify under the *Cohen* doctrine, because it does not fall within that "small class" of decisions which resolve an "important" issue.

I therefore dissent from the majority opinion to the extent that it directs that the appeal is dismissed without prejudice. An appeal from a denial of bail in a habeas corpus proceeding should not be appealable at all.