Carlos NIEVES, Petitioner,

v.

Gail THOMAS, Acting Superintendent, Mid–Orange Correctional Facility; Brion D. Travis, Chairman, New York State Division of Parole, Respondents.

No. 02 CIV. 9744 RMBKNF.

United States District Court, S.D. New York.

March 26, 2003.

Carlos Nieves, New York City, Pro se.

Willa Bernstein, Esq., Assistant Attorney General, New York City, for Defendant.

## ORDER

BERMAN, District Judge.

### I. Background

*Pro Se* petitioner, Carlos Nieves ("Petitioner" or "Nieves") has applied for bail and discovery while his habeas corpus petition, filed December 10, 2002 pursuant to 28 U.S.C. § 2254 ("Petition"), is pending before the court.[1] **For the reasons cited below, Petitioner's application is denied.**

On June 28, 1994, Nieves was arrested for his involvement in a drug trafficking organization in Manhattan called "Yellow Top Crew." *See* Parole Board Hearing Tr. at 2 (March 2, 2000). Nieves allegedly participated in the distribution of illegal drugs and was allegedly an "enforcer" for the organization. *See id.* at 2–3. On July 21, 1995, Nieves pleaded guilty to conspiracy in the second degree, N.Y. Penal Law § 105.15, in Supreme Court, New York County. *See id.* at 5. Currently, Nieves is serving a seven to twenty-one year prison sentence at Mid–Orange Correctional Facility in Warwick, New York. *See* Parole Board Hearing Tr. at 2 (March 20, 2002).

Nieves appeared before the New York State Parole Board ("Board") for the first time on March 2, 2000. The Board denied parole. *See* Parole Board Hearing Tr. at 9 (Mar. 2, 2000). At his second appearance before the Board on March 20, 2002, the Board again denied parole, stating that Nieves "present[s] a serious threat to community safety and welfare." Parole Board Hearing Tr. at 10 (Mar. 20, 2002). The Board also stated that Nieves's "present offense represents both a continuation of [juvenile] misconduct as well as an escalation of the severity of that misconduct." *Id.* Nieves may be next considered for parole in March 2004. *Id.* On May 1, 2002, Nieves filed an administrative appeal of the Board's decision to the State of New York Executive Department, Division of Parole ("Appeal Board"). *See* Petition at 9. In December 2002, the Appeal Board affirmed the Board's decision to deny parole. *See* Administrative Appeal Decision at 1. Nieves concedes that he "has not exhausted his state court remedies with respect to this claim" against the Board but he asks for an exemption from this requirement as "state court remedies are ineffective to protect his right to equal protection of the law." Petition at 9.

### II. Standard of Review

■ "The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id.* (quoting *Grune v. Coughlin,* 913 F.2d 41, 44 (2d Cir.1990)) (internal quotations omitted) (alterations in original).

■ "[H]abeas petitioner[s], unlike the usual civil litigant, [are] ordinarily not entitled to discovery." *Gonzalez v. Bennett,* No. 00 Civ. 8401(VM), 2001 WL 1537553 at *4 (S.D.N.Y. Nov. 30, 2001). Whether a petitioner has shown good cause turns on the petitioner's ability to "set forth specific allegations that provide 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief[ ].'" *Gonzalez,* at *4 (internal citations omitted).

■ District courts "'read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999)

---

1. *See* Petition at 6–7 ("In denying Petitioner parole...the Parole Board violated Petition-er's right to due process and equal protection of law.")

(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). However, the petitioner's *pro se* status " 'does not exempt...[him] from compliance with relevant rules of procedural and substantive law.' " *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (internal quotations omitted).

## III. Analysis

The instant application raises issues quite similar to those raised in *Defino v. Thomas*, No. 02 Civ. 7413(RWS), 2003 WL 40502 (S.D.N.Y. Jan. 7, 2003), where U.S. District Court Judge Robert W. Sweet denied similar applications for bail and discovery pending habeas review. 2003 WL 40502, at *3. In *Defino*, which also involved an inmate at Mid–Orange Correctional Facility, the Court determined that "Defino has failed to demonstrate that his failure to exhaust his claims in state court is likely to be excused or that the underlying merits of the claims will be successful." *Id.* at *2.

■ Similarly, Nieves has not demonstrated that he should be excused from his failure to exhaust his claims in state court. "Pursuant to [28 U.S.C.] § 2254(b)(1)(A), a petitioner must first exhaust his available state court remedies before filing a habeas petition in federal court." *Id.* at *2; *see also Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002) ("A federal habeas petitioner must exhaust state remedies before he can obtain federal habeas relief.")

■ Additionally, Petitioner is not likely to prevail on the merits of his due process claim. "[P]arole can be denied based upon the statutorily authorized considerations of an offender's background of other violent conduct and the severity of his offenses." *Id.* at *3 (citing *Thurman v. Hodges*, 292 A.D.2d 872, 739 N.Y.S.2d 324 (4th Dep't 2002)).

Petitioner is also not likely to prevail on the merits of his equal protection claim. "[Petitioner] does not claim that he was a member of a suspect class." *Defino*, 2003 WL 40502, at *4. Petitioner did not demonstrate that he experienced "irrational and arbitrary acts" and "intentional disparate treatment" compared to other similarly situated inmates. *See id.* at *4.

The *Defino* court denied Defino's motion for discovery because "Defino...only made generalized statements regarding the potential existence of discovery." *Id.* at *4. As in *Defino*, absent more particularized allegations, Nieves is not entitled to discovery pending habeas review.

## IV. Order

For the foregoing reasons, Petitioner's motions for bail and discovery pending habeas review are denied.