15-1358
*Herlihy v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

DONALD F. HERLIHY, JR.,

> *Plaintiff-Appellant*,

-v.-                                                                                   15-1358

CITY OF NEW YORK, et al.,

> *Defendants-Appellees*,

POLICE COMMISSIONER RAYMOND
W. KELLY, et al.,

*Defendants*.

_____

FOR APPELLANT:        DONALD F. HERLIHY, JR., *pro se*, Farmingdale, NY.

FOR APPELLEE:         ELIZABETH S. NATRELLA, Assistant Corporation
                      Counsel (Richard Dearing, Assistant Corporation
                      Counsel, *on the brief*), *for* Zachary W. Carter,
                      Corporation Counsel of the City of New York, New
                      York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Donald F. Herlihy, Jr., a former detective with the New York City Police Department ("NYPD") proceeding *pro se*, appeals from the judgment of the District Court, which includes two separate orders.  The first, dated March 30, 2007, granted partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  The second, dated March 23, 2015, granted summary judgment in favor of Defendants-Appellees, among which included the City of New York and various NYPD officials and employees (collectively, "Defendants").  In addition, Herlihy also moves to supplement the record on

2

appeal.   In brief, Herlihy's lawsuit asserted various challenges arising out of his arrest and subsequent refusal to comply with the NYPD's directive that he enter treatment for alcohol abuse, all of which ultimately culminated in his termination of employment from the NYPD.   Herlihy asserted claims of due process violations, in addition to claims of disability discrimination and false arrest.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    SCOPE OF THE APPEAL

As an initial matter, despite Defendants' argument to the contrary, we conclude that we have jurisdiction over Herlihy's appeal of the District Court's March 30, 2007 order dismissing his due process claims.   A notice of appeal must "designate the judgment, order, or part thereof being appealed."   Fed. R. App. P. 3(c)(1)(B).   "'[A] notice of appeal filed by a *pro se* litigant must be viewed liberally, and not every technical defect in a notice of appeal constitutes a jurisdictional defect.'"   *Elliott v. City of Hartford*, No. 14-3633-CV, 2016 WL 2909330, at *2 (2d Cir. May 19, 2016) (quoting *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990)).   Our task is to "'interpret the notice of appeal so as to remain faithful to the intent of the appellant, fair to the appellee, and consistent with the

jurisdictional authority of this court.'" *Id.* (quoting *Conway v. Vill. of Mount Kisco, N.Y.*, 750 F.2d 205, 211 (2d Cir. 1984)). Therefore, "'[a]s long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction.'" *Id.* (alteration in original) (quoting *Grune*, 913 F.2d at 43). Further, just recently we held that, "in the absence of prejudice to an appellee, we [must] read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders." *Id.*

Herlihy filed his notice of appeal from the District Court's judgment *pro se*. The notice appealed from the "decision and judgment grant[ing] summary judgment to the City of New York," and indicated that "[t]he decision is dated March 23, 2015 and the judgment of the [District Court] is also dated March 23, 2015." App. 754. Given the liberal reading we accord a *pro se* appellant's notice of appeal from the entry of final judgment, and unable to identify any prejudice to Defendants resulting from construing his notice as appealing from both the District Court's (1) March 30, 2007 order dismissing, on the pleadings, Herlihy's due process claims, and (2) March 23, 2015 order granting summary judgment in

4

favor of Defendants, we hold that we have jurisdiction over Herlihy's appeal from the March 30, 2007 order, in addition to the March 23, 2015 order.

Although we have jurisdiction over all of the District Court's prior orders, Herlihy raises only two arguments on appeal. The first challenges the dismissal of his due process claims, and the second challenges the District Court's application of E.D.N.Y. Local Rule 56.1. By constraining his appellate brief to those two issues, Herlihy has abandoned any challenge to the other claims resolved in the District Court's rulings. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons an issue not raised in his appellate brief).

## II. DUE PROCESS CLAIMS

We review *de novo* a district court's grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). In order "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5

We conclude that the District Court correctly dismissed Herlihy's due process claims for substantially the same reasons stated by the District Court in its March 30, 2007 order. Herlihy has failed to state a due process claim based on his disciplinary proceedings because he failed to avail himself of the adequate post-deprivation remedy available to him: an Article 78 proceeding in New York State Supreme Court. *See Locurto v. Safir*, 264 F.3d 154, 174–75 (2d Cir. 2001); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). On appeal, Herlihy does not address the District Court's conclusion that an Article 78 proceeding afforded him an adequate post-deprivation remedy. Rather, he challenges the correctness of his termination, asserting that the evidence that he possessed an alcohol abuse problem was "flimsy," that he would have taken a breathalyzer test if he had been afforded the opportunity to speak to an attorney, and that he cannot be considered insubordinate when the order requiring him to attend counseling was unlawful. *See* Appellant's Br. 42, 44–45. A civil rights action, however, "is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 888 (2d Cir. 1987) (explaining that "it is the function of the federal courts to determine only whether the state has

6

provided adequate avenues of redress to review and remedy arbitrary action"). Accordingly, Herlihy's challenges to the correctness of his termination fail to state a due process claim.

Further, to the extent Herlihy argues that he was deprived of due process in violation of the Sixth Amendment, because he did not raise this claim below, and was represented by counsel at that time, we decline to consider it on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (holding that, in general, "a federal appellate court does not consider an issue not passed upon below").

## III.   APPLICATION OF E.D.N.Y. LOCAL RULE 56.1

We reject Herlihy's argument that that the District Court should have overlooked his failure to comply with E.D.N.Y. Local Rule 56.1.   Pursuant to Local Rule 56.1, a nonmoving party, in its opposition to a summary judgment motion, must "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party . . . [that] must be followed by citation to evidence which would be admissible" under Federal Rule of Civil Procedure 56(c).   E.D.N.Y. Local Rule 56.1(b), (d).   Accordingly, a nonmoving party may not rely solely on "allegations in [the] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the

motion are not credible" to defeat a summary judgment motion. *Gottlieb v. Cty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted). Further, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules[,] . . ." but even if it declines to overlook such a failure, it may not grant summary judgment unless the record "show[s] that . . . the moving party is entitled to judgment as a matter of law." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73, 74 & n.1. (2d Cir. 2001) (fourth alteration in original) (internal quotation marks omitted).

Here, the District Court correctly determined that Herlihy failed to adhere to Local Rule 56.1. Indeed, Herlihy concedes as much on appeal. *See* Appellant's Br. 40 (conceding that his "counsel submitted a counterstatement without providing . . . an evidentiary basis" for disputing Defendants' statement of facts). In any event, the District Court accepted as true only those assertions by Defendants that were supported by admissible evidence, and otherwise uncontroverted by admissible evidence. Thus, the District Court properly concluded that there were no genuine issues of material fact to be tried with respect to Herlihy's remaining claims of disability discrimination and false arrest.

**IV.** **DISTRICT COURT'S GRANT OF SUMMARY JUDGMENT**

Last, Herlihy raises no challenge with respect to his discrimination and false arrest claims that were disposed of by the District Court on summary judgment. His argument, that summary judgment was inappropriate because there were remaining issues of fact to support his due process claims, misses the mark. As discussed, the District Court properly dismissed Herlihy's due process claims in its Rule 12(c) order, and no due process claim remained before the District Court at summary judgment. Therefore, Herlihy's due process-based challenges to the District Court's summary judgment ruling fail.

**V.** **CONCLUSION**[1]

We have considered Herlihy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We grant Herlihy's motion to supplement the record in support of his due process claims and have reviewed the evidence he submitted, which includes a DVD of his post-arrest interrogation by the NYPD, a transcript of that DVD, and an NYPD procedure manual governing interrogation of police officers.