In re: Peter Gould

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
GERARD E. LYNCH,
*Circuit Judge.*[1]

---

In re: Peter J. Gould,

*Debtor.*

---

Peter J. Gould,

*Appellant,*

v.                                                                19-456

Salvatore LaMonica,

*Appellee.*

---

[1] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, originally assigned to this panel, recused himself from this case. The remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

FOR APPELLANT:                                    Peter J. Gould, pro se,
                                                  Nokomis, FL.

FOR APPELLEE:                                     David Adam Blanksy, Gary
                                                  F. Herbst, LaMonica Herbst
                                                  & Maniscalco, LLP,
                                                  Wantagh, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** and Gould's motion for the production of documents is **DENIED**.

Appellant Peter J. Gould, proceeding pro se, appeals the district court's post-judgment order denying leave to file motions seeking (1) to set aside the dismissal order, (2) reconsideration of the judgment, (3) the release of funds, (4) to remove the Trustee, and (5) a subpoena for the Trustee's records. Gould also moves, in this Court, for the production of several documents. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Scope of Appeal

A notice of appeal ("NOA") must "designate the judgment, order, or part thereof being appealed." *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). "This requirement is jurisdictional." *Id.* However, we construe pro se NOAs liberally, and we are not jurisdictionally barred from reviewing the judgment if the NOA "evinces an intent to appeal" the judgment. *Id.* at 172–73 (quoting *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990)). Additionally, an appeal from an order denying a timely reconsideration

2

motion "suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008).

Here, Gould specified that he was appealing from the order denying his motion for leave to file post-judgment motions. Nothing in the NOA could be liberally read to evince an intent to appeal the underlying judgment. We thus review only the district court's post-judgment order.

## II. Denial of Post-Judgment Motion

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, "[a]lthough we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (internal quotation marks omitted).

Gould raises no arguments on appeal as to the district court's denial of his post-judgment motion. Instead, his brief argues that the Trustee has abused his authority and that the courts were biased against him. But Gould does not explain how the courts were biased against him, and judicial rulings alone are rarely sufficient to show bias. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam).

In any event, the district court did not abuse its discretion in denying Gould's motion for

3

leave to file several post-judgment motions. We review the denial of a motion for reconsideration for abuse of discretion. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008) (Rule 59(e) motion); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b) motion). Gould's motion sought leave to file a motion to "set aside the [d]ismissal ruling" and for "reconsideration," but Gould did not offer any basis for granting such relief. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"). To the extent Gould also sought leave to file motions for the release of funds held by the Trustee, to remove the Trustee, and for a subpoena of the Trustee's records, the district court did not abuse its discretion in denying such relief because Gould failed to make any arguments in support of those requests.

### III. Motion for Production of Documents

Finally, we deny Gould's motion for the production of documents, as he has offered no arguments establishing his entitlement to such production. In any event, "we have sufficient information to decide th[is] appeal[] based on the materials in the record." *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 204 n.4 (2d Cir. 2012).

We have considered all of Gould's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court and **DENY** Gould's motion for production of documents.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4