22-3213-cr
United States v. Santos

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
                 RAYMOND J. LOHIER, JR.,
                 RICHARD J. SULLIVAN,
                     *Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                           No. 22-3213-cr

RAFAEL ROMERO, ALBERT RODRIGUEZ,

        *Defendants,*

RAFAEL SANTOS,

        *Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:                    Rafael Santos, *pro se*, White Deer, PA

FOR APPELLEE:                     Matthew J.C. Hellman, James Ligtenberg, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY

Appeal from orders of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED.

Rafael Santos, proceeding *pro se*, appeals from two orders entered on December 12, 2022 by the United States District Court for the Southern District of New York (Preska, *J.*) denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration of the District Court's denial of a previous motion for compassionate release.[1]   We assume the

---

[1] Although Santos's notice of appeal specifies only that he is appealing the denial of his motion for reconsideration, Santos's appellate brief states he is challenging the denial of his motion for compassionate release.   Because a notice of appeal filed by a *pro se* litigant is given liberal construction, and the Government is not prejudiced, we consider both Santos's challenges to the district court's denial of his motion for reconsideration

2

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Following a jury trial in 1989, Santos was convicted on seven counts stemming from his involvement in a large-scale drug trafficking conspiracy. During a Drug Enforcement Administration ("DEA") raid on the trafficking operation, Santos shot DEA Special Agent Bruce Travers in the face and then also shot a cooperating witness. Santos was sentenced principally to a term of life imprisonment on each of one count of conspiring to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, and one count of conspiring to murder a federal officer, in violation of 18 U.S.C. § 1117.

In the decades since this Court upheld Santos's conviction and sentence on direct appeal, *see United States v. Romero*, 897 F.2d 47, 49–54 (2d Cir. 1990), Santos has sought various forms of relief. Relevant to this appeal, in June 2022 Santos filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his deteriorating health. The District Court denied the

---

and his motion for compassionate release. *See Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990). Based on Santos's letter replies to this Court's previous order of February 6, 2025, we deem the opening and reply brief to have been filed on his behalf and with his authorization. *See Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022).

motion on June 13, 2022, explaining that, even assuming Santos had demonstrated extraordinary and compelling circumstances, the sentencing factors listed in 18 U.S.C. § 3553(a) weighed heavily against release. Santos moved for reconsideration, and, while his reconsideration motion was pending, filed a new *pro se* motion for compassionate release. On December 12, 2022, the District Court denied both motions. This appeal followed.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). The compassionate-release provision authorizes a court to "reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has the burden of showing that he is entitled to a sentence reduction. *See United States v. Jones*, 17 F.4th 371, 374–75 (2d Cir. 2021). Even if a "defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction," a court may deny a motion for compassionate release "in sole reliance on the applicable § 3553(a) sentencing factors." *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021). We similarly review the denial of a

4

motion for reconsideration for abuse of discretion. *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 376 (2d Cir. 2024). We have emphasized that the standard for granting reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* at 377 (internal quotation marks omitted).

We affirm the District Court's denial of Santos's motions for reconsideration and compassionate release. The District Court first denied the motion for reconsideration after carefully assessing the § 3553(a) factors as they applied to Santos in its initial June 2022 order. For example, the District Court explained that it had "consider[ed] Mr. Santos'[s] purported expression of remorse" but afforded it "little weight." *United States v. Santos*, No. 88 CR 642, 2022 WL 17586420, at *2 (S.D.N.Y. Dec. 12, 2022). It likewise noted that it had considered but discounted Santos's claims that he no longer presented a danger to the community, while recognizing "the weightiest Section 3553(a) factors remain the wantonness of [Santos's] crime and the need for general deterrence." *Id.* In a separate order entered that same day, which denied Santos's new motion for compassionate release, the District Court expressly adopted its prior finding that "consideration of the Section 3553(a) factors counsels against

5

release."   Dist. Ct. Doc. No. 287 at 1.

On appeal, Santos does not identify any controlling law or facts the District Court overlooked that would justify reconsideration.   Rather, Santos argues that the District Court failed to accord sufficient weight to his expressions of remorse. He also contends that reducing his sentence would "not undermine the seriousness of the offense, or fail to respect the law, provide just punishment, or adequately deter criminal conduct."   Appellant's Br. 12–13.   We are not persuaded.   "Mere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (quotation marks omitted).   On appeal, we ask only "whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case."   *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008).   The District Court did not abuse its discretion when it assigned significant weight to the fact that Santos demonstrated a "willingness to shoot and continue shooting until he emptied his weapon, without regard to human life."   *Santos*, 2022 WL 17586420, at *2.

Santos also maintains that he is entitled to relief under U.S.S.G. § 1B1.13(b)(6), which provides that "[i]f a defendant received an unusually long

sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary or compelling reason." He is mistaken. First, Santos fails to point to any relevant "change in the law" compelling a shorter sentence for his offenses and a resulting "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Second, in any event, such a showing could only "be considered in determining whether the defendant presents an extraordinary and compelling reason," *id.*, for release under 18 U.S.C. § 3582(c)(1)(A). As noted, however, the District Court assumed that Santos had made such a showing and nevertheless denied his motion based solely on its consideration of the § 3553(a) factors.

## CONCLUSION

We have considered Santos's remaining arguments and conclude that they are without merit. For the foregoing reasons, the orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7