Gerding v. American Kennel Club

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand twenty-five.

PRESENT:
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Alexander Gerding,

> *Plaintiff-Appellant,*

> v.                                                                    23-1119

Mr. Doug Ljungren, Vice President, American Kennel Club Performance Department, Dennis B. Sprung, Chief Executive Officer of the American Kennel Club, Mrs. Debra Markwardt, DLM Capital, LLC, American Kennel Club, AKA AKC,

> *Defendants-Appellees.*

_____

*For Plaintiff-Appellant:*                    Alexander Gerding, pro se, Johnstown, OH.

*For Defendants-Appellees Mr. Doug Ljungren,*    Patrick M. Kennell, Kaufman
*Dennis B. Sprung, and American Kennel Club:*    Dolowich LLP, New York, NY.

*For Defendants-Appellees DLM Capital, LLC*    Jonathan Bondy (Daniel D. Barnes,
*and Mrs. Debra Markwardt:*    Patricia B. Bergamasco, *on the brief*), Chiesa Shahinian & Giantomasi PC, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Carter, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Alexander Gerding, proceeding pro se, appeals from the judgment of the district court dismissing his second amended complaint against American Kennel Club ("AKC"), Doug Ljungren, Dennis B. Sprung, Debra Markwardt, and DLM Capital, LLC, formerly known as North American Diving Dogs, LLC ("NADD"). Gerding alleged that the defendants violated his constitutional rights—as well as other federal and state laws—in the administration of dog dock diving competitions. The defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the second amended complaint for failure to state a claim. Gerding opposed the motion, and he separately moved to compel arbitration, for a stay, and for further leave to amend.

The district court granted the defendants' motions to dismiss and denied Gerding's motion for further leave to amend. It dismissed as moot Gerding's motion to compel arbitration and for a stay. *See Gerding v. American Kennel Club*, No. 21-CV-07958, 2023 WL 4583771 (S.D.N.Y. July 18, 2023). Gerding subsequently filed a motion pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied. *See Gerding v.*

2

*American Kennel Club*, No. 21-CV-07958, 2025 WL 1212091 (S.D.N.Y. Apr. 24, 2025).[1] We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). For substantially the reasons that the district court identified, we agree that the second amended complaint failed to state a claim.

First, the district court correctly concluded that Gerding failed to state a claim under 42 U.S.C. § 1983. A private party may be liable under § 1983 only if it was "acting under color of state law." *Kam Shing Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir. 1993). The private party may be considered to have acted under color of state law when (1) "the State compelled the conduct," (2) "there is a sufficiently close nexus between the State and the private conduct," or (3) "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (quoting *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009)); *see also Hollander v. Copacabana Nightclub*, 624 F.3d 30, 34 (2d Cir. 2010) (explaining that "actions of nominally private entities are attributable to the state when those actions meet one of three tests," the compulsion test, close nexus test, or public function test). In this case, Gerding did not plausibly allege that the defendants acted under color of state law.

---

[1] We construe Gerding's brief on appeal as a timely notice of appeal from the order of the district court denying reconsideration. *See Bacon v. Phelps*, 961 F.3d 533, 541 (2d Cir. 2020) ("[A]s long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction.") (quoting *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990)).

Second, the district court correctly concluded that Gerding failed to state a monopolization claim. "To make out a claim of monopolization under section 2 of the Sherman Act, the plaintiff must establish that (1) the defendant had monopoly power in the relevant market, (2) the defendant engaged in anticompetitive conduct, and (3) its injury was, in fact, caused by the defendant's violation of the antitrust laws." *Irvin Indus., Inc. v. Goodyear Aerospace Corp.*, 974 F.2d 241, 244 (2d Cir. 1992) (internal quotation marks and citations omitted). Gerding did not plausibly allege that AKC or NADD had monopoly power in a relevant market.

Third, the district court correctly concluded that Gerding did not state a claim for fraud, libel, defamation, or breach of contract under New York law. "Under New York law, the elements of a fraud claim are 'a representation of material fact, falsity, scienter, reliance and injury.'" *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 22 (2d Cir. 2015) (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (1999)). As the district court explained, Gerding's claims of fraud were vague and conclusory. "New York requires a libel plaintiff to prove five elements: (1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) defendant's fault, varying in degree depending on whether plaintiff is a private or public party; (4) falsity of the defamatory statement; and (5) injury to plaintiff." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). Gerding, however, did not allege that the defendants made any false statement about him. To state a claim for breach of contract under New York law, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). Gerding failed to plausibly allege the existence of an agreement between him and the defendants.

On appeal, Gerding challenges the denial of his motion for further leave to amend, his motion to compel arbitration and for a stay, and his Rule 59(e) motion. His arguments are unavailing. The district court properly denied leave to amend as futile and dismissed as moot Gerding's motion to compel arbitration and for a stay. We further note that even if an applicable arbitration agreement exists, Gerding waived any contractual right to

4

arbitrate by extensively litigating his claims in federal court. *See La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159-60 (2d Cir. 2010). We identify no abuse of discretion in the district court's denial of Gerding's Rule 59(e) motion. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

We have considered Gerding's remaining arguments, which we conclude are without merit. We affirm the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court